IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOYCE FARRIA, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 2:15-cv-04105 |
| SMAK PARLOUR, INC. | : |
| and | : |
| CVA PROPERTIES, LLC | : |
| Defendants. | : |

## STIPULATED ORDER OF DISMISSAL

1.    On July 24, 2015, Plaintiff filed a civil action in the United States
District Court for the Eastern District of Pennsylvania, Civil Action No. 2:15-
cv-04105, against Smak Parlour, Inc., the owner and operator of the retail
establishment Smak Parlour, and CVA Properties, LLC, the owner of the
building at 219 Market Street, Philadelphia, PA where Smak Parlour is
located, alleging that they violated Title III of the Americans with Disabilities
Act (ADA), 42 U.S.C. § 12182, by denying her the full and equal
participation in and enjoyment of Smak Parlour's goods and services by
failing to remove architectural barriers preventing Plaintiff from accessing
its premises.

2.     The Parties have entered into the attached Stipulated Consent Decree, incorporated by reference herein, in order to resolve Plaintiff's claims against Defendants.

3.     The Parties stipulate that this case will be dismissed with prejudice.

4.     The Court will retain jurisdiction for purposes of enforcement in accordance with the terms of the Consent Decree.

By: _____

Dynah Haubert, Esquire
Disability Rights Pennsylvania
1315 Walnut St., Suite 500
Philadelphia, PA 19107
(215) 238-8070
dhaubert@disabilityrightspa.org

Counsel for Plaintiff

By: _____

John DiDomenicis, Esquire
Law Office of Alvin C. Krantz
1515 Market Street, Suite 1807
Philadelphia, PA 19102
(215) 557-0300
JD@AKrantzLaw.com

Counsel for Defendant Smak
Parlour, Inc.

By:

James P. Manahan, Esquire
Bernstein & Manahan LLC
3120 Princeton Pike Ste 302
Lawrenceville NJ 08648
(609) 895-9001
james@manahan.com

Counsel for Defendant CVA
Properties, LLC

**SO ORDERED:**

Hon. Paul S. Diamond, J.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOYCE FARRIA, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 2:15-cv-04105 |
| SMAK PARLOUR, INC. | |
| and | |
| CVA PROPERTIES, LLC | |
| Defendants. | |

## CONSENT DECREE

### I.   Introduction

**WHEREAS** on July 24, 2015, Plaintiff filed a civil action in the United
States District Court for the Eastern District of Pennsylvania, Civil Action
No. 2:15-cv-04105, against Smak Parlour, Inc., the owner and operator of
the retail establishment Smak Parlour, and CVA Properties, LLC, the owner
of the building at 219 Market Street, Philadelphia, PA where Smak Parlour
is located, alleging that they violated Title III of the Americans with
Disabilities Act (ADA), 42 U.S.C. § 12182, by denying her the full and equal
participation in and enjoyment of Smak Parlour's goods and services by
failing to remove architectural barriers preventing Plaintiff from accessing
its premises;

**WHEREAS** Plaintiff and Defendants desire to resolve this lawsuit amicably and to avoid the risks and expense of further litigation;

**NOW, THEREFORE,** Plaintiff and Defendants agree and the Court hereby enters the following Consent Decree.

**II.    Accessibility Modifications to Smak Parlour**

1.    Defendant, CVA Properties LLC, agrees to provide Plaintiff with architectural plans for an ADA-compliant permanent ramp to the front entrance of Smak Parlour within ten (10) days after the Effective Date of this Consent Decree.

2.    Plaintiff agrees to notify Defendant, CVA Properties LLC, within fifteen (15) days after she receives the ramp plans of whether the plans meet with her approval or whether any revisions are necessary to ensure compliance with the ADA. Defendant, CVA Properties LLC, shall then have ten (10) days to provide revised plans to Plaintiff.

3.    Defendant, CVA Properties LLC, agrees to make the following modifications to Smak Parlour's front entrance:

a.    install an ADA-compliant permanent ramp pursuant to the ramp plans that have been reviewed and approved by Plaintiff; and

b.    ensure the threshold at the entrance complies with §§ 404.2.5 and 303.2 of the 2010 ADA Standards for Accessible Design.

2

4.      Defendant, CVA Properties LLC, agrees to work assiduously to obtain all approvals and permits necessary for completion of the modifications listed in Paragraph II.3 within a reasonable period of time.

5.      Defendant, CVA Properties LLC, agrees to notify Plaintiff's counsel:

    a.      when each application for approval or permit is submitted;

    b.      when each application is approved;

    c.      if Defendants become aware of a delay in the process of obtaining any necessary approval or permit;

    d.      when final approval or permit is obtained; and

    e.      when the modifications listed in Paragraph II.3 are complete.

6.      Defendant, CVA Properties LLC, agrees to complete the modifications listed in Paragraph II.3 within 45 days of the date that final approval or permit is obtained.

7.      Defendant, Smak Parlour, Inc., agrees to grant access to Smak Parlour's premises for purposes of completion of the modifications listed in Paragraph II.3.

8.      Plaintiff agrees to conduct an inspection of the modifications listed in Paragraph II.3 within fifteen (15) days of receiving notification from

3

Defendant, CVA Properties LLC, that the modifications are complete. Plaintiff agrees to notify both Defendants of the date and time of the inspection and shall promptly report her findings to Defendants.

9.    All parties agree that the above work to be done at Smak Parlour, located at 219 Market Street, Philadelphia, PA, shall be completed at an agreed upon time between the parties as to limit the disruption of business on the property.

## III.    Dispute Resolution, Enforcement, and Jurisdiction

1.    Any dispute between or among the parties regarding an alleged breach of this Consent Decree, including any allegation that modifications completed pursuant to Section II above, upon final inspection, do not comply with the 2010 ADA Standards for Accessible Design, or a request to modify the plans because a government agency refuses to allow the proposed design previously approved by Plaintiff, or a requested enlargement of time to meet any of the deadlines herein shall be subject to the following dispute resolution process:

a.    the party asserting that a breach has been committed or that is requesting an enlargement of time shall give prompt written notice to the other party through its counsel;

4

b.    within ten (10) calendar days of receipt of the notice or as soon thereafter as practicable, counsel shall confer in person or by telephone and attempt to resolve the dispute;

c.    the parties agree not to file any motion to enforce this Consent Decree (or a similar motion, including to resolve objections or dispute) until complying with the requirement to meet and confer in good faith, and then only if the allegations of noncompliance have not been corrected as and when agreed upon. If, after complying with the foregoing meet and confer requirements, any dispute, objection, or alleged material breach still cannot be resolved, Plaintiff shall have the right to seek the assistance of the Court to enforce this Consent Decree.

2.    The parties expressly agree that the Hon. Paul S. Diamond shall have jurisdiction to resolve any dispute under this Consent Decree. Judge Diamond's decision under this paragraph shall be treated as any decision by the Trial Court.

3.    The parties and the Court agree that the Court shall retain jurisdiction to enforce any and all terms of this Consent Decree.

## IV.    Attorneys' Fees, Litigation Costs, and Expenses

1.    Defendant, CVA Properties LLC, will pay to Plaintiff's counsel $7736.50 to resolve Plaintiff's claim for attorneys' fees, costs, and

5

expenses for services rendered up until the Effective Date of this Consent Decree within 30 days of the Effective Date of this Consent Decree.

**V.    Releases and Other Recitals**

1.    This Consent Decree is not a waiver by the parties of their respective rights, either in law or in equity, to enforce this Consent Decree in the event that either Party should breach this Consent Decree.

2.    By entering into this Consent Decree, Defendants do not admit any liability and Plaintiff does not concede the validity of any defense.

3.    Upon the Defendants' full compliance with the terms and conditions of this Consent Decree, Plaintiff hereby releases and discharges Defendants, their officers, employees, agents, successors and assigns from any and all claims and causes of action which Plaintiff has or had, including, but not limited to, claims arising under the Americans with Disabilities Act, from the beginning of time through the Effective Date.

4.    This Consent Decree constitutes the parties' sole and entire agreement and supersedes any prior written or oral understandings or agreements among the parties concerning this Consent Decree's subject matter.

5.    This Consent Decree shall not be altered, amended, changed, or modified except in writing, executed by the parties.

6

6.    This Consent Decree may be executed in counterparts.

7.    This Consent Decree is binding upon any and all of the parties'

heirs, executors, administrators, successors, or assigns.

8.    The parties agree that the Effective Date of this Consent

Decree shall be the date on which it is signed and approved by the Court,

as evidenced on the last page of the Consent Decree.

**IN WITNESS WHEREOF**, the parties set their hands the day and year

first above written.

JOYCE FARRIA

By:  _Joyce Farria_                    Dated: _5-5-16_
     Joyce Farria

SMAK PARLOUR, INC.

By:  _____          Dated: _____
     Abby Kessler

CVA PROPERTIES, LLC

By:  _____          Dated: _____
     Charles Lee

APPROVED BY THE COURT,

By:  _____          Dated: _____
                    J.

6.      This Consent Decree may be executed in counterparts.

7.      This Consent Decree is binding upon any and all of the parties' heirs, executors, administrators, successors, or assigns.

8.      The parties agree that the Effective Date of this Consent Decree shall be the date on which it is signed and approved by the Court, as evidenced on the last page of the Consent Decree.

**IN WITNESS WHEREOF**, the parties set their hands the day and year first above written.

JOYCE FARRIA

By: _____        Dated: _____
     Joyce Farria

SMAK PARLOUR, INC.

By: _____        Dated: _____5/6/16_____
     Abby Kessler

CVA PROPERTIES, LLC

By: _____        Dated: _____
     Charles Lee

APPROVED BY THE COURT,

By: _____        Dated: _____
                   J.

7

6.   This Consent Decree may be executed in counterparts.

7.   This Consent Decree is binding upon any and all of the parties'

heirs, executors, administrators, successors, or assigns.

8.   The parties agree that the Effective Date of this Consent

Decree shall be the date on which it is signed and approved by the Court,

as evidenced on the last page of the Consent Decree.

**IN WITNESS WHEREOF**, the parties set their hands the day and year

first above written.

JOYCE FARRIA

By: _____        Dated: _____
    Joyce Farria

SMAK PARLOUR, INC.

By: _____        Dated: _____
    Abby Kessler

CVA PROPERTIES, LLC

By: _____        Dated: 5-4-16
    Charles Lee

APPROVED BY THE COURT,

By: _____        Dated: _____
             J.

7

## CERTIFICATE OF SERVICE

I, Dynah Haubert, hereby certify that a true and correct copy of the

foregoing Stipulated Order of Dismissal and attached Consent Decree was

filed with the Court's ECF system on May 6, 2016 and is available for

viewing and downloading from the ECF system by the following counsel

who consented to electronic service:

John DiDomenicis
Attorney at Law
1515 Market Street, Suite 1807
Philadelphia, PA 19102
JD@AKrantzLaw.com

I further certify that a true and correct copy of the foregoing Stipulated

Order of Dismissal and attached Consent Decree was sent via email and

First Class Mail, prepaid, on May 6, 2016 to the following:

CVA Properties
c/o Charles Lee
17 Seven Oaks Lane
Ewing, NJ 08628
chucklee0227@gmail.com

James P. Manahan
Attorney at Law
Bernstein & Manahan LLC
3120 Princeton Pike Ste 302
Lawrenceville NJ 08648
james@manahan.com

/s/ Dynah Haubert
DYNAH HAUBERT